# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JONI BULLARD, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § Civil Action No. 4:24-cv-653 <br> WAL-MART STORES TEXAS LLC § Judge Mazzant <br> d/b/a WAL-MART STORES TEXAS, § <br> 2007, LLC and WALMART INC. d/b/a § <br> WALMART SUPER CENTER #5427, § <br> § <br> *Defendants.* § | |

## MEMORADUM OPINION AND ORDER

Pending before the Court is Defendants Wal-Mart Stores Texas, LLC and Walmart Inc.'s (collectively "Defendants") Motion for Summary Judgment (Dkt. #13). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

#### A.    Factual Background

This is a personal injury case arising from a slip and fall at a Walmart store in Roanoke, Texas (Dkt. #3 at p. 2). Plaintiff has sued Defendants on theories of negligence, *respondeat superior*, and premises liability (Dkt. #3 at pp. 3–5). Specifically, Plaintiff alleges that, while visiting a Walmart store on or about July 1, 2022, "she slipped and fell due to a puddle of clear liquid in an aisle" (Dkt. #3 at p. 2). Plaintiff claims to have "suffered significant bodily injuries as a result of the fall" (Dkt. #3 at p. 2). For her injuries, Plaintiff seeks "monetary relief of more than $250,000 but less than $1,000,000" (Dkt. #3 at p. 1).

B.     **Procedural History**

On June 20, 2024, Plaintiff filed her Original Petition in the 431st Judicial District Court of Denton County, Texas (Dkt. #1 at p. 1; Dkt. #3). Her Petition asserts three causes of action: negligence, *respondeat superior*, and premises liability (Dkt. #3 at pp. 3–5). Defendants answered (Dkt. #1-3 at pp. 16–17; Dkt. #4). On July 19, 2024, Defendants timely removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1332(a)(1) (Dkt. #1 at p. 2).[1] Subsequently, Defendants filed their First Amended Answer (Dkt. #11) and the instant Motion (Dkt. #13). Through its Motion, Defendants seek summary judgment on each of Plaintiff's claims (Dkt. #13). Plaintiff has not responded. The Motion is now ripe for adjudication. *See* Local Rule CV-7(e). Because Plaintiff did not respond, the Court accepts Defendants' factual allegations as true.[2]

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper

---

[1] Though not contested, the Court has an independent obligation to assure that subject matter jurisdiction exists. *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Here, it does.

Subject matter jurisdiction exists under 28 U.S.C. § 1332(a) when there is complete diversity of citizenship and the amount in controversy requirement is satisfied. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Plaintiff is a citizen of Texas (Dkt. #3 at p. 1) ("Plaintiff . . . is an individual who resides in Denton County, Texas); (Dkt. #1 at p. 2) (same). *See Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985) (an individual is considered a citizen of the state where she is domiciled). Wal-Mart Stores Texas, LLC is a citizen of each state where its members or managers are citizens. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Here, that is Delaware and Arkansas (Dkt. #1 at pp. 2–3). Walmart, Inc. is a citizen of every state in which it is incorporated and of the state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Here, that too is Delaware and Arkansas (Dkt. #1 at p. 3). Thus, there is complete diversity of citizenship. The amount in controversy requirement is also satisfied because Plaintiff's Original Petition specifies in good faith a dollar amount of damages in excess of $75,000 (Dkt. #3 at p. 1). That amount controls. *See Guijarro v. Enter Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) ("If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith."). Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

[2] "A party's failure to oppose a motion in the manner prescribed [by the Court's Local Rules] creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(d).

2

under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or

arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff asserts negligence, *respondeat superior*, and premises liability claims (Dkt. #3 at pp. 3–5). Defendants claim entitlement to summary judgment on each (Dkt. #13 at p. 1). Specifically, Defendants argue that they are entitled to summary judgment on Plaintiff's negligence claim because it "sounds exclusively in premises liability" and is mutually exclusive with her premises liability claim (Dkt. #13 at p. 3). Summary judgment on Plaintiff's negligence claim would also dispose of Plaintiff's *respondeat superior* claim because it is derivative of the negligence claim (*See* Dkt. #3 at pp. 4–5). As to Plaintiff's alternative premises liability claim, Defendants argue that the Court should grant them summary judgment because there is no factual dispute as to any element of that cause of action (Dkt. #13 at p. 5). Defendants also argue that there is no evidence they had any notice of alleged liquid on the floor, which Plaintiff claims instigated her fall and resulting injuries (Dkt. #13 at p. 5). As explained below, the Court agrees with Defendants, though only in part. Plaintiff's negligence and *respondeat superior* claims should be dismissed. The Court addresses each claim in turn, starting with Plaintiff's negligence claim.

### A. Negligence

As a threshold matter, the Court, sitting in diversity, must apply Texas law to this case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71–77 (1938). Under Texas law, a negligence claim is

appropriate when "'the injury is the result of a contemporaneous, negligent activity on the property.'" *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 470 (Tex. 2017) (quoting *Occidental Chem. Corp v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). In contrast, a premises liability claim is appropriate "when the injury is the result of the property's condition rather than an activity." *Id.* (quoting *Occidental*, 478 S.W.3d at 644); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). Indeed, as Defendants point out, when an injury occurs on the property of another, a plaintiff may assert "*either* a negligence claim, *or* a premises-liability claim against the property owner" (Dkt. #13 at p. 3) (quoting *Occidental*, 478 S.W.3d at 644). That is true. *See, e.g.*, *Barron v. United States*, 111 F.4th 667, 671 (5th Cir. 2024). In other words, as both the Court and Fifth Circuit have addressed at length before, those claims are mutually exclusive. *Barahona v. Target Corp.*, No. 4:24-CV-273, 2024 WL 5058971, at *4 (E.D. Tex. Dec. 10, 2024) (quoting *Barron*, 111 F.4th at 671) ("'A person injured on another's property may have either a negligence claim, or a premises-liability claim against the property owner, but not both.'"). Here, Plaintiff neglects these claims' mutually exclusive nature.

Against this backdrop, the Court must determine whether Plaintiff's theory of recovery sounds in negligent activity or premises liability. It cannot be both. *Barron*, 111 F.4th at 671. To determine this, Texas courts "'focus[] on whether the injury occurred by or as a contemporaneous result of the activity itself—a negligent activity—or rather by a condition created by the activity—a premises defect.'" *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016) (quoting *Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992)). So too must this Court. Here, Plaintiff's claim sounds in premises liability—not negligence.

To successfully raise a negligence claim, a plaintiff must demonstrate affirmative, contemporaneous conduct by the owner that resulted in their injury. *Levine*, 573 S.W.3d at 470. Here, it is undisputed that Plaintiff "was walking through a Walmart store in Denton County, when she slipped and fell" (Dkt. #3 at p. 1; Dkt. #13 at p. 2). But the record before the Court does not establish a negligence cause of action, nor does it present any genuine issue of material fact as to any affirmative, contemporaneous conduct by Defendants that caused the Plaintiff to slip and fall. Based on Plaintiff's deposition testimony, none of Defendants' employees were present when Plaintiff fell (*See* Dkt. #13 at p. 4) (citing Dkt. #13-1). Further, Plaintiff does not dispute Defendants' assertion that "there were no other individuals in the area at the time of [Plaintiff's] fall" (Dkt. #13 at p. 4). If the puddle of liquid that allegedly caused Plaintiff's fall resulted from Defendants' affirmative, contemporaneous conduct, Plaintiff has not provided the Court with any evidence to suggest there is a factual dispute on that point. Nothing in the record suggests that Plaintiff's claim sounds in general negligence as opposed to premises liability. The uncontroverted evidence cannot establish a negligence claim. Because Plaintiff's claims sound only in premises liability, summary judgment is proper on her negligence and *respondeat superior* claims.

### B.   Premises Liability

Having determined that Plaintiff's negligence and *respondeat superior* claims cannot survive summary judgment, the Court turns to the viability of Plaintiff's only remaining claim: premises liability. It should also be dismissed. To reiterate, because Plaintiff neglected to respond to Defendants' Motion, the Court accepts Defendants' factual assertions as true. *See* Local Rule CV-7(d). Defendants' factual allegations establish that there is no genuine issue of material fact on any element of Plaintiff's premises liability cause of action.

Plaintiff must prove four elements to establish her premises liability claim:

1. Actual or constructive knowledge of some condition on the premises by [Walmart];
2. That the conditions posed an unreasonable risk of harm;
3. That [Walmart] did not exercise reasonable care to reduce or eliminate the risk; and
4. That [Walmart's] failure to use such care proximately caused . . . [P]laintiff's injuries.

*See Keetch*, 845 S.W.2d at 264 (quoting *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). Plaintiff cannot demonstrate—and by virtue of her decision to not respond to Defendant's Motion has not even attempted to demonstrate—a genuine issue of material fact on a single one of these elements. As to the first element, Defendants have declared that, on the day Plaintiff fell, prior thereto, "no customer or fellow Walmart associate reported any falls or other injury-producing incidents in the area of [Plaintiff's] fall, and store personnel did not otherwise have knowledge of any alleged condition of which [Plaintiff] complains" (Dkt. #13-2 at p. 4). Plaintiff concedes as much. *See* Local Rule CV-7(d). Thus, Plaintiff cannot show any genuine issue of material fact as to that element of her premises liability claim. That is fatal at the summary judgment stage. And Plaintiff has not pointed the Court to any evidence—nor does the Court detect any in the record—that creates a material issue of fact on any other element of her premises liability claim. Accordingly, Plaintiff has not carried her burden. This claim must be dismissed, too.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary (Dkt. #13) is hereby **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

SIGNED this 24th day of June, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE